UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADEWALE ENIOLA TAWOSE,  )<br>                                                    )<br>                        Plaintiff,  )<br>v.                                                )   Case No. CIV-25-1421-R<br>                                                    )<br>MATTHEW L. WINTON, et al.,  )<br>                                                    )<br>                        Defendants.  ) | |

# ORDER

Before the Court is Plaintiff Adewale Eniola Tawose's Motion to Extend Time for Service pursuant to Federal Rule of Civil Procedure 4(m) [Doc. No. 26], in which he asks for more time to serve Defendants Aaron Ellis and Denver Acosta. Under Rule 4, if service does not occur within 90 days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "But if the plaintiff shows good cause for the failure [to properly serve], the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

The "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). "'[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service.'" *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). "Mistake of counsel or ignorance of the rules also usually do not suffice." *Id.* (citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); *Despain*, 13 F.3d at 1439). "[A]bsence of prejudice to the defendants, by itself, does

1

not equate to good cause on the part of the plaintiff[]." *Despain*, 13 F.3d at 1439 (citing *In re City of Phila. Litig.*, 123 F.R.D. 512, 514 (E.D. Pa. Dec. 28, 1988)). "'A pro se litigant is still obligated to follow the requirements of'" Rule 4. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (quoting *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)).

"[A]n individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In Oklahoma, "[a]t the election of the plaintiff, process . . . shall be served by a sheriff or deputy sheriff." OKLA. STAT. tit. 12, § 2004(C)(1)(a).

Plaintiff represents he timely engaged the Oklahoma County Sheriff to serve Defendants at their known residences. According to Plaintiff, the Sheriff made multiple attempts to serve Defendants but has since issued returns of non-service for both Defendants [Doc. Nos. 26-2, 26-3]. Plaintiff's failure to serve the Defendants does not appear due to inadvertence, negligence, mistake of counsel, or ignorance of the rules. Thus, for good cause shown, Plaintiff's request for an extension of time to serve the Defendants is GRANTED. Plaintiff shall have until April 25, 2026, to serve Defendants Aaron Ellis and Denver Acosta.

Also before the Court is Plaintiff's Motion to Authorize Alternative Service on Defendants Aaron Ellis and Denver Acosta [Doc. No. 34]. In his Motion, Plaintiff reiterates the multiple attempts by the Oklahoma County Sheriff to serve Defendants at their known residences. Plaintiff indicates he has communicated with counsel for both Ellis and Acosta regarding service logistics but has still been unable to serve either Defendant. It also

appears as though Plaintiff at least attempted to serve Acosta through certified mail [Doc. No. 34-5].

> In Oklahoma, personal service may be made on an individual "by delivering a copy of the summons and of the [complaint] . . . personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person residing therein . . . or by delivering a copy of the summons and of the [complaint] . . . to an agent authorized by appointment or by law to receive service." OKLA. STAT. tit 12, § 2004(C)(1)(c)(1); *e.g.*, Rule 4(e)(2) []. Oklahoma courts recognize that strict compliance with these statutory requirements is not required; "instead, 'substantial compliance' is sufficient." *J & J Sports Prods. Inc. v. Aguirre,* No. 13-CV-771-TCK-TLW, 2015 WL 2341516 (N.D. Okla. May 14, 2015) (citing *Graff v. Kelly,* 814 P.2d 489, 495 (Okla. 1991)); *Graff,* 814 P.2d at 495 (substantial compliance required for court to have jurisdiction over defendant). Thus, if service of process cannot be otherwise achieved, "a defendant . . . may be served as provided by court order in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." OKLA. STAT. tit. 12, § 2004(C)(6).

*Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *1 (W.D. Okla. May 21, 2015) (citations altered and footnotes omitted).

Plaintiff requests, among other methods, the ability to effect service by first class mail or certified mail. But service by certified mail is an appropriate state law method of serving the Defendants.

> At the election of the plaintiff, a summons and petition may be served by mail by the plaintiff's attorney, any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection or by the court clerk upon a defendant of any class referred to in . . . . Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee.

OKLA. STAT. tit. 12, § 2004(C)(2)(a), (b). Because service by certified mail is an authorized service method under Oklahoma law, Plaintiff may serve the Defendants via certified mail without this Court's permission. *See* Rule 4(e)(1).

3

Accordingly, Plaintiff's Motion to Authorize Alternative Service [Doc. No. 34] is DENIED without prejudice for resubmission, if appropriate.

IT IS SO ORDERED this 25th day of February, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE